IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THAD THOMPSON, #A5013250, | NO. 1:17-cv-00531 SOM-KJM |
| Plaintiff, | AMENDED ORDER DENYING RENEWED IN FORMA PAUPERIS APPLICATION AND DIRECTING PAYMENT |
| vs. | |
| CAPT. PALEKA, et al., | |
| Defendants. | |

**AMENDED ORDER DENYING RENEWED IN FORMA PAUPERIS APPLICATION AND DIRECTING PAYMENT**

The Order Denying Renewed In Forma Pauperis Application and Directing Payment filed on January 4, 2018, is amended to correct formatting anomalies that somehow appeared when the word processing form of the Order was converted to a PDF. The content of the order is unchanged.

Before the court is Plaintiff's First Amended Complaint ("FAC") and renewed Application to Proceed In Forma Pauperis by a Prisoner ("IFP"). *See* FAC, ECF No. 5; IFP Application, ECF No. 2. Plaintiff, a state prisoner proceeding pro se, alleges that Halawa Correctional Facility ("HCF") and Department of Public Safety ("DPS") officials violated his constitutional

rights by failing to properly maintain the showers at the HCF High Security Unit ("HSU"), failing to properly respond to his complaints and grievances, and denying or delaying him medical care for a rash and chronic back injury.[1]

For the following reasons, Plaintiff's IFP Application remains DENIED. Plaintiff is ORDERED to submit the civil filing fee within twenty-one [21] days of the date of this ORDER. Failure to timely remit the civil filing fee shall result in automatic termination of this action without prejudice.

I. **PROCEDURAL HISTORY**

Plaintiff commenced this action between October 10 and 18, 2017, when he signed the original Complaint and prison officials mailed it to the court. *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (considering the postmark as the date of filing for applying the prison mailbox rule) (citing *Houston v.*

---

[1] Plaintiff names HCF employees Captain Paleka, Maintenance Supervisor, Medical Supervisor, Chief Antonio, Warden Harrington, and DPS Grievance Coordinator Shari Kimoto as Defendants in their individual and official capacities.

2

*Lack*, 487 U.S. 266, 271 (1988) (holding prisoner pleadings may be considered filed when they are placed in the prison mail system). The Complaint was filed on October 20, 2017.

On October 19, 2017, Plaintiff was transferred from the HSU to the HCF Medium Facility. *See Thompson v. Borges*, No. 1:17-cv-00561 LEK-KJM (D. Haw. Nov. 13, 2017), ECF No. 1-2, PageID #50.[2]

On November 13, 2017, the court denied Plaintiff's IFP Application because he had accrued three strikes pursuant to 28 U.S.C. § 1915(g), and alleged no plausible facts showing that he was in imminent danger of serious physical injury when he filed the Complaint. Order, ECF No. 4. The court also screened the Complaint, found that it failed to state a claim on which relief can be granted, and dismissed it with leave granted to amend. Plaintiff was notified that, if he filed an amended pleading that stated a claim *and*

---

[2] The court "may take notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

alleged plausible facts showing that he was in imminent danger of serious physical injury when it was filed, the court would revisit his request to proceed IFP.

On December 12, 2017, the FAC was mailed to the court; it was received and filed on December 14, 2017. FAC, ECF No. 5.

## II. 28 U.S.C. § 1915(g)

Under 28 U.S.C. § 1915(g), a prisoner may not bring an action in federal court without first paying the civil filing fee, if three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted. Plaintiff does not contest the court's finding that he has filed three civil actions while imprisoned that were dismissed for failure to state a claim, and that he has accrued "three-strikes."[3] *See*

---

[3] *See, e.g., Thompson v. Dep't of Public Safety*, No. 1:17-cv-00250 DKW-KJM (D. Haw. Aug. 2, 2017) (dismissed for failure to state a claim); *Thompson v. Dep't of Public Safety*, No. 1:17-cv-00235 LEK-KSC (D. Haw. Aug. 1, 2017) (same); *Thompson v. Burns*, No. 2:13-cv-01715-PHX-SPL (D. Ariz. July 14, 2014) (same). Thompson was notified of these strikes and provided copies of each dismissal order. *See Thompson v. Hamilton*, No. 1:17-cv-00520 JMS-RLP (D. Haw. Oct. 27, 2017).

4

PACER Case Locator   http://pacer.psc.uscourts.gov (last visited Dec. 24, 2017).

There is an exception to § 1915(g)'s three-strikes bar if the plaintiff "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing."  *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007); *see also Williams v. Paramo*, 775 F.3d 1182, 1189 (9th Cir. 2015) (holding that a prisoner may also be required to demonstrate imminent danger at the time the notice of appeal is filed).  The imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053.

To qualify for § 1915(g)'s exception, the danger alleged must be real, proximate, and/or ongoing.  *Id.*; *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (stating, "the harm must be imminent or occurring at the time the complaint is filed"); *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a

real, present threat, not merely speculative or hypothetical."). A plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *see also Logan v. Tomer*, 2017 WL 3896364, at *1–2 (E.D. Cal. Sept. 6, 2017) (finding prisoner failed to show cause that he was in imminent danger when he filed the complaint).

"[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998); *Martin*, 319 F.3d at 1050 (stating, "conclusory assertions" are "insufficient to invoke the exception to § 1915(g)"); *Pauline v. Mishner*, 2009 WL 1505672, at *3 (D. Haw. May 28, 2009) ("Plaintiff's vague and conclusory allegations of possible future harm to himself or others are insufficient to trigger the 'imminent danger of serious physical injury' exception to dismissal under § 1915(g)."). The "imminent danger" exception is available "for genuine emergencies," where "time is

pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Further, a prisoner must show a "nexus between the imminent danger [the complaint] alleges and the claims it asserts, to qualify for the 'imminent danger' exception of § 1915(g)" and demonstrate that he has standing to pursue his claims pursuant to the "escape hatch" provided by the statute. *Pettus v. Morgenthau*, 554 F.3d 293, 298–99 (2d Cir. 2009). To determine whether a nexus exists, a court should consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [in forma pauperis]." *Id.*; *Stine v. Fed. Bureau of Prisons*, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015).

### III. NO IMMINENT DANGER OF SERIOUS PHYSICAL INJURY

Plaintiff asserts two incidents to show that he was in imminent danger of serious physical injury when he commenced this action.

### A. The HSU Shower: Counts I and II

Plaintiff complained to floor guards about the allegedly unsanitary HSU shower in May 2017, and says that, although they were helpful, this "help mostly took way too long." FAC, ECF No 5, PageID #72. On July 7 and 26, and August 27, 2017, Plaintiff wrote Captain Paleka and the HCF Maintenance Supervisor to report that the HSU shower curtain was moldy, the drain was clogged with soap, scum, bandages, cellophane wrappings, hair, and "other hazardous unidentifiable" debris. *Id.* Plaintiff claimed these conditions posed an "excessive risk" to his health and a "substantial [likelihood] to catch Rashes and even diseases and/or infections including staff [sic], gang green [sic], even Hep C. and AIDS." *Id.* Plaintiff alleges that Captain Paleka and the Maintenance Supervisor either

failed to reply to or "inadequately" replied to his requests. *Id.*

On September 4, 2017, HSU inmate Raymond Sargent contracted a rash that he believed was caused by bug bites, but now suspects was due to the HSU shower. *See id.* at PageID #84, "Medical Request"; Sargent Dec., ECF No. 5-1. Sargent asked for and received medical care and medicine for his rash, a memorandum for new clothes, cleaning supplies, and assurances that the shower would be cleaned. *Id.*

On Friday, September 8, 2017, Plaintiff developed a painful, itchy rash on his left shoulder, arm, and chest that he attributes to the HSU shower. Plaintiff requested medical treatment that day, and again on Monday, September 11, 2017, but says his requests were unanswered or "inadequately" answered. *Id.*, PageID #73. Plaintiff then "submitted proper Grievances about filthy shower and the denial of medical treatment." *Id.* Plaintiff does not explain what the inadequately answered requests said, or detail what occurred when he

9

submitted "proper" requests; he filed the original Complaint more than one month later.

Although Plaintiff now sets forth more details about his rash and his fears regarding the HSU shower, he still fails to show that he was in imminent danger of serious physical injury when he filed this action or when he filed the FAC. First, Plaintiff waited more than a month *after* he developed the rash before filing this action, and he does not explain this delay. Accepting that the rash was painful, itchy, blistering, and irritating, this court notes that Plaintiff nonetheless alleges no specific facts showing that it constituted an ongoing, serious, real, proximate, life-threatening injury.

Second, and most important, Plaintiff, although given the opportunity, still does not allege that he was denied treatment for the rash after the weekend that it developed and the date that he filed this action.[4] Nor does he say that his symptoms worsened or

---

[4] To the contrary, Plaintiff's exhibit in No. 1:17-cv-00561 LEK-KJM, dated 10/21/2017, suggests that he had been prescribed
(continued...)

required emergency care. A delay of three days, over a weekend, before being scheduled to see a medical provider for a rash, without any allegation that the rash presented an emergency that required urgent care, does not support a finding that Plaintiff was in imminent danger of a serious physical injury when the rash developed, when he commenced this action, or when he filed the FAC.

Third, Plaintiff's hypothetical allegations that the HSU's unsanitary shower posed the possibility of his contracting a staphylococcus infection, gangrene, HIV, or Hepatitis C constitutes only unsupported speculation.

Fourth, Plaintiff shows no nexus between the rash and his claims against Captain Paleka, HCF Maintenance Supervisor, Chief Antonio, Warden Harrington, and Shari Kimoto regarding the allegedly unsanitary showers. Plaintiff does not allege that these Defendants denied,

---

⁴(...continued)
hydrocortisone cream for the rash before moving to the HCF Medium Facility. *See id.*, ECF No. 1-10, PageID #68 ("RASH! please get me a tube of *my* Hydrocortizone! [sic]") (emphasis added).

11

delayed, or interfered with medical care for the rash. Rather, he alleges they failed to respond, or improperly responded, to his requests, complaints and grievances regarding the shower's allegedly unsanitary condition and other issues that he raised regarding prison conditions. *See* Counts I and II, FAC, ECF No. 5, PageID #72-79.

Moreover, Plaintiff concedes that the HSU shower was cleaned when he complained in May 2017, although not quickly enough in his opinion, and his witness exhibits show that the shower was "properly scrubbed" at least twice in August and September 2017. *See* Bringas Dec., ECF No. 5-2, PageID #88 (stating shower "scrubbed twice" between August 3 and September 28, 2017); Woods Dec., ECF No. 5-3, PageID #90 (stating shower was "properly scrubbed twice" between August 23 and September 27, 2017). This indicates that Defendants did, in fact, respond to Plaintiff's complaints about the shower by directing their subordinates to clean it, even if not often enough.

12

Finally, when Plaintiff filed the FAC, which is the operative pleading, he had been transferred to the HCF Medium Facility nearly two months earlier and was no longer using the HSU shower. Plaintiff fails to plausibly allege that he was in imminent danger of serious physical injury when he filed the original Complaint *or* the FAC.[5]

B. **Chronic Back Pain: Count III**

Plaintiff next discusses an incident that allegedly occurred three years ago, on September 2, 2014, at the Oahu Community Correctional Center" ("OCCC"), during

---

[5] Some courts, relying on the statement in *Andrews* that conditions at the time the complaint is filed determine when the three-strikes exception applies, *see* 493 F.3d at 1052, evaluate imminent danger claims as of the date an amended pleading is filed. *See Manago v. Beard*, 2017 WL 363022, at *2 (E.D. Cal. Jan. 1, 2017); *Diaz v. Sherman*, 2016 WL 8673044, at *2 (E.D. Cal. Aug. 5, 2016) (finding neither original nor amended complaint sufficient to apply the exception); *Chatman v. Frazier*, 2015 WL 7455537, at *6 (E.D. Cal. Nov. 24, 2015); *Rider v. Parente*, 2011 WL 2745986, at *4 (E.D. Cal. July 14, 2011). Other courts look to the date of commencement of the lawsuit, not the date an amended pleading is filed. *See Wingate v. City of N.Y.*, 2017 WL 3498698, at *5 (N.D.N.Y. Aug. 15, 2017) (counting imminent danger as of date of filing the action, not the amended pleading); *Dixon v. Brown*, 2017 WL 3084151, at *2 (E.D. Tex. July 19, 2017) (same). Because Plaintiff fails to allege facts suggesting imminent danger in either pleading, the court need not decide this issue here.

13

which he alleges his back was injured.[6]  Plaintiff continues to experience back pain, although he states that he has received regular medical care, x-rays, and medication since the incident.

On September 23, 2017, Plaintiff requested an appointment with an "outside 'Nerve' specialist," but was told that he must see a prison medical "provider" first, and he was scheduled for an appointment.  ECF No. 5, PageID #74.  Plaintiff complains that he had not seen a nerve specialist by October 10, 2017, and that he "shouldn't have to see the 'Provider' for every single request about the same issue, that's ridiculous, that's a waste of time and/or money, that should be construed as a Constitutional violation."  *Id.* Plaintiff claims this "excessive and unreasonable delay[]" constitutes imminent danger of serious physical injury.  *Id.*

---

[6] Plaintiff says that he was "maliciously and sadistically manhandled [and] assaulted . . . sustain[ing] multiple substantial injuries including lower back pains."  ECF No. 5, PageID #74.

14

The court disagrees.  Plaintiff is being regularly treated for his back pain, has been scheduled to see a medical provider to evaluate his request for outside care, and is not in imminent danger of serious physical injury due to his back pain.  Being required to see a general practitioner before being referred to a specialist is a common occurrence outside of prison in most health maintenance organizations.  It is obviously necessary in the prison setting.

Moreover, Plaintiff has an ongoing federal lawsuit, *Thompson v. Afamasaga*, No. 1:16-cv-00128 JMS-KSC (D. Haw. 2016), in which he is litigating the September 2014 incident during which he allegedly incurred his back injury.  Plaintiff is represented by an attorney in that action, who can raise any issues relating to those injuries therein.  Plaintiff may not rely on this allegation as support for the present action in hopes of plausibly alleging imminent danger of serious physical injury sufficient to proceed IFP.

Nothing within the FAC supports an inference that Plaintiff is (or was) in imminent danger of serious

physical injury due to the condition of the HSU shower, his rash, or his chronic back pain when he filed this action or the FAC. Nor do the facts alleged show a continuing practice that injured Plaintiff in the past that poses an "ongoing danger." *Andrews*, 493 F.3d at 1057. Plaintiff may not proceed IFP and his IFP Application remains DENIED.

### III. CONCLUSION

Because Plaintiff has accrued three strikes pursuant to 28 U.S.C. § 1915(g), and fails to allege plausible facts to support an imminent danger of serious physical injury, his In Forma Pauperis Application, ECF No. 2, remains DENIED.

Plaintiff may proceed with this action if he submits the $400 filing fee to the Clerk of Court within twenty-one [21] days of the date of this Order, or on or before **January 25, 2018.** If Plaintiff fails to submit the civil filing fee on or before **January 25, 2018,** this action will be **automatically terminated**

16

without further notice without prejudice to refiling with concurrent payment of the filing fee.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; January 5, 2018.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Thompson v. Paleka, No. 1:17-cv-00531 SOM-KJM; 3 stks '17 Thompson 17-531 (AMENDED FAC skin rash no imm dgr)